**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:14-cv-22264-BLOOM**

DWIGHT WILSON, JESUS A. AVELAR-LEMUS,
JESSIE CROSS, and MATTIE CROSS
on behalf of themselves and all others
similarly situated,

       Plaintiffs,

v.

EVERBANK, N.A., EVERHOME MORTGAGE,
ASSURANT, INC., STANDARD GUARANTY
INSURANCE COMPANY, and AMERICAN
SECURITY INSURANCE COMPANY,

       Defendants.

_____/

## EVERBANK'S MOTION TO STAY DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court, defendant EverBank[1] respectfully submits this motion to stay discovery pending resolution of its motion to dismiss, D.E. 32, which would dispose of plaintiffs' entire case against it. Plaintiffs have propounded extensive and burdensome discovery, *which seeks nearly every document regarding EverBank's lender-placed insurance operations in the last five years*, before the Court has had the opportunity to decide whether plaintiffs' Class Action Complaint states any claim for relief. Plaintiffs' proposed discovery will impose a substantial cost and burden on EverBank as set forth in the accompanying Declaration of Stephanie Peters ("Peters Decl."), filed herewith as Exhibit A. Recognizing the "significant costs" that discovery places on parties, the Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency

---

[1]     Separately-named Everhome Mortgage is a division of EverBank.

of a claim …, such as a motion to dismiss based on failure to state a claim for relief, ***should …***
***be resolved before discovery begins***." *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353,
1367 (11th Cir. 1997) (emphasis added). Similarly, Judge Moreno has held that "[p]otentially
dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star
Sys., LLC v. Bellsouth Telecomms., Inc.*, 2011 WL 1226119, at *1 (S.D. Fla. Mar. 30, 2011);
*Varga v. Palm Beach Capital Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010).

Further, recent decisions from the Eleventh and Seventh Circuits in lender-placed
insurance ("LPI") cases have dramatically undermined the strength of plaintiffs' claims. *See
Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098 (11th Cir. 2014); *Cohen v. American Sec. Ins.
Co.*, 735 F.3d 601 (7th Cir. 2013). Citing those decisions as dispositive, Judge Moreno recently
dismissed (without prejudice) an LPI action based on nearly identical claims as those presented
here. *See Circeo-Loudon v. GreenTree Servicing, LLC*, 2014 WL 4219587 (S.D. Fla. Aug. 25,
2014). The *Circeo-Loudon* decision followed Judge Moreno's statement in another LPI case that
"it is obvious that the headwinds created by [the Eleventh and Seventh Circuit] decisions are
significant." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 693 (S.D. Fla. 2014).

Moreover, and as set forth in the Peters Declaration submitted herewith, discovery will
substantially burden EverBank. For example, because of lack of personnel resources, EverBank
does not have sufficient in-house resources to identify and capture electronically-stored
information ("ESI") in response to plaintiffs' discovery requests, and would have to hire third-
party vendors. Further, EverBank is in the process of transitioning one of its main data centers
used to store archived email to a new facility, while simultaneously converting its email archive
system to a new platform, both of which will impede access to archived ESI that may be
responsive. The burden on EverBank's resources can be ameliorated by requiring the parties to

2

await resolution of EverBank's motion to dismiss before permitting discovery to move forward, if it is appropriate at all.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Dwight Wilson, Jesus A. Avelar-Lemus, and Jessie and Mattie Cross (collectively, "plaintiffs") filed this putative class action lawsuit on June 18, 2014 based on general claims – not supported by factual allegations – that defendants engaged in a kickback scheme in connection with hazard insurance that EverBank was required to purchase for each plaintiff's property. The Complaint asserts civil RICO, RICO conspiracy, unjust enrichment, and New York Deceptive Practices Act claims against all of the defendants. Against EverBank in particular, plaintiffs also claim breach of contract, breach of an implied covenant of good faith and fair dealing, violation of the Florida Deceptive and Unfair Trade Practices Act, violation of the Truth in Lending Act, and breach of fiduciary duty. Against defendants Assurant, Inc. ("Assurant"), American Security Insurance Co. ("ASIC"), and Standard Guaranty Insurance Co. ("SGIC"), plaintiffs further claim tortious interference with a business relationship.

On August 22, 2014, EverBank filed a motion to dismiss all nine counts brought against it by plaintiffs. D.E. 32. Similarly, on August 25, 2014, Assurant, ASIC, and SGIC each filed a motion to dismiss all of the claims asserted against them. D.E. 34, 36, 37. EverBank's motion to dismiss demonstrates that plaintiffs fail to adequately state a claim for each of the counts asserted against it. The respective motions also assert other bases for dismissal, including, *e.g.*, a failure to exhaust administrative remedies as required by Florida law, that claims are barred by the filed rate doctrine, and that claims are subject to preemption by the federal McCarran-Ferguson Act.

On September 12, 2014, plaintiffs served EverBank with substantial written discovery requests, including interrogatories and document requests. *See* Exhibits B & C filed herewith.

3

Further, on September 22, 2014, plaintiffs served a Rule 30(b)(6) deposition notice covering a broad number of topics.  *See* Exhibit D filed herewith.  Plaintiffs' written discovery requests effectively seek *every document relating to lender-placed insurance since 2009* – and all before there has been a determination as to whether plaintiffs have stated a viable claim against EverBank.  EverBank respectfully requests that the Court stay discovery until it has had the opportunity to consider and rule on EverBank's potentially dispositive motion.

## ARGUMENT

**I.      The Court's Authority To Stay Discovery Pending Resolution Of A Potentially Dispositive Motion Is Well Established.**

Federal district courts have wide discretion to limit the scope of discovery or control its timing "to protect a party or person from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c).  "***Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay***." *Solar Star Sys., LLC*, 2011 WL 1226119, at *1 (granting stay of discovery pending motion to dismiss "potentially dispositive of the entire action") (emphasis added). Staying discovery serves the salutary purpose of sparing the litigants the burden, expense, and inconvenience of engaging in discovery that may prove unnecessary, and it also conserves valuable judicial resources. Indeed, the Eleventh Circuit instructs that discovery should be stayed while motions to dismiss are pending.  *See Chudasama*, 123 F.3d at 1367.  As the Eleventh Circuit explained in *Chudasama*:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. . . . Finally, discovery

imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Id.* at 1367-68  (internal footnotes and citations omitted). This reasoning finds additional support in Rule 1 of the Federal Rules of Civil Procedure, which provides that the Rules "should be construed and administered to secure the just, speedy and *inexpensive* determination of every action" (emphasis supplied), and in Rule 26(c), which provides that protection from discovery is properly granted to prevent "annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 1 and 26(c).

Since *Chudasama*, the Eleventh Circuit and district courts within the Circuit have adhered to these principles and have regularly approved discovery stays while motions to dismiss were pending.  *See World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012) ("Because a facial challenge to the legal sufficiency of a claim raises only questions of law, 'neither the parties nor the court have any need for discovery before the court rules on the motion.'") (quoting *Chudasama*, 123 F.3d at 1367); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming discovery stay pending challenge to legal sufficiency of plaintiff's complaint); *In re Se. Banking Corp.*, 204 F.3d 1322, 1327, 1332 (11th Cir. 2000) (noting district court's stay of discovery until viable complaint survived a motion to dismiss); *Moore v. Potter*,

5

F. App'x 803, 807-08 (11th Cir. 2005) (affirming discovery stay citing *Chudasama*); *Staup v. Wachovia Bank, N.A.*, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (granting stay "because discovery is not needed for the resolution of [the] Motion [to Dismiss] and requiring discovery would impose an undue burden on the Defendant"); *Mallo v. Pub. Health Trust of Dade Cnty.*, 88 F. Supp. 2d 1376, 1391 (S.D. Fla. 2000) (granting discovery stay pending motion to dismiss class action complaint); *Carcamo v. Miami-Dade Cnty.*, 2003 WL 24336368, at *1 (S.D. Fla. Aug. 1, 2003) (granting discovery stay citing *Chudasama*); *Rivero v. Taylor*, 2010 WL 3384913, at *6 (S.D. Fla. Aug. 3, 2010) (granting motion to stay discovery);[2] *see also Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming discovery stay pending outcome of motion to dismiss); *Vargas v. Peltz*, 901 F. Supp. 1572, 1573 n.2, 1582 (S.D. Fla. 1995) (staying all discovery pending resolution of motion to dismiss).

## II.     Good Cause Exists For A Stay Because The Pending Motions Are Potentially Dispositive And The Burden Of Discovery Outweighs Any Burden Of A Stay.

As Judge Moreno noted in *Varga v. Palm Beach Capital Management, LLC*, "good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action." 2010 WL 8510622, at *1  (citation omitted).  Here, in its motion to dismiss, EverBank directly challenges the sufficiency of plaintiffs' allegations, as well as the legal bases for plaintiffs' claims.  If successful, EverBank's motions would be dispositive of all claims asserted

---

[2] Other circuits also stay discovery pending resolution of a dispositive motion. *See, e.g., Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999); *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 849 (10th Cir. 1992); *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 567 (3d Cir. 1996); *see also Batchelder v. Kawamoto*, 147 F.3d 915, 917 (9th Cir. 1998); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("it is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion") (citations omitted); *Anderson v. U.S. Attorneys Office*, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

against it.  Indeed, a "cursory review" of EverBank's motion to dismiss demonstrates that it raises "case-dispositive" challenges to the Complaint.  *Varga*, 2010 WL 8510622, at *1.  As discussed above, recent Court of Appeals decisions in *Feaz,* 745 F.3d 1098 and *Cohen*, 735 F.3d 601 have created substantial "headwinds" for plaintiffs' LPI claims in Judge Moreno's words. Moreover, Judge Moreno has followed *Feaz* and *Cohen* and very recently dismissed (without prejudice) nearly-identical claims as those alleged in plaintiffs' Complaint.  In *Circeo-Loudon v. GreenTree Servicing, LLC*, the court held:

> Here, Plaintiffs' allegations virtually mirror those in *Cohen,* and similarly, those in *Feaz.* As Plaintiffs do here, the plaintiff in *Cohen* alleged that the charges for the LPI were inflated and overpriced because the premium allegedly included substantial, undisclosed kickbacks which paid for the placement and servicing of the insurance… In attempts to distinguish *Cohen,* Plaintiffs misconstrue that case and contend that the plaintiff there conceded that the so-called "kickbacks" were lawful "compensation" for the placement and servicing of the insurance… [O]n the set of facts presented to the Court, there is legal authority directly on point. Plaintiffs fail to distinguish their allegations from those found unpersuasive in both *Cohen* and *Feaz.*

2014 WL 4219587, at *2-3 (dismissal without prejudice).  The court also separately dismissed RICO and unjust enrichment claims that mirror plaintiffs' claims here.  *Id.* at *3-5.  Because there should be no question that EverBank's motion to dismiss "raises serious questions regarding the viability of [Plaintiffs'] complaint," the Court should impose a temporary discovery stay until it can resolve the dispositive motion.  *See Redford v. Gwinnett Cnty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009).

### III.   EverBank Has Made A Specific Showing Of Burden That Dictates That A Stay Is Appropriate.

The Discovery Practices Handbook states that a stay of discovery is "appropriate or mandatory" when a specific showing of prejudice or burdensomeness is made, or where a statute dictates that a stay is appropriate or mandatory.  *See* S.D. Fla. Local Rules Appendix A, Discovery Practices Handbook § D.5.  EverBank has made such a showing here.  Plaintiffs have

7

served incredibly broad and burdensome discovery that effectively seeks *every document relating to lender-placed insurance since 2009* – and all before there has been a determination as to whether plaintiffs have even stated a claim upon which relief may be granted. For example, plaintiffs seek:

- All contracts, Statements of Work, Master Services Agreements, or any other agreements between You and Assurant or its affiliates, regarding FPI, Related Services, or any other service performed for or by Assurant or its affiliates. (RFP No. 2);

- All communications regarding the documents reflected in RFP #2. (RFP No. 3);

- All contracts, Statements of Work, Master Services Agreements, or any other agreements between You and any of Your affiliates, subsidiaries, or other related companies regarding FPI, Related Services including without limitation any documents reflecting "soft dollar" or other credits, expense reimbursements, or any other funds being passed between You and Your affiliates. (RFP No. 3);

- All communications regarding the documents reflected in RFP #4. (RFP No. 5); and

- All documents related to Your policies, guidelines, procedures, best practices, and training materials regarding FPI or Related Services. (RFP No. 9).

*See* Exhibit B. Similarly, plaintiffs seek Rule 30(b)(6) deposition testimony that covers nearly every aspect of EverBank's LPI operations and function, including "policies and procedures relating to the placement of LPI," all financial data related to LPI, "your affiliates or subsidiaries and their role and responsibilities related to [LPI]," and "the terms, communications, and negotiations surrounding all [LPI] agreements with the Assurant defendants." *See* Exhibit D.

Plaintiffs' document requests will unnecessarily burden EverBank, requiring it to search through multiple data repositories, including email archives containing voluminous quantities of email, in an effort to identify and gather records covering a five year time period for potentially more than 20 custodians. Exhibit A, Peters Decl. ¶ 2. EverBank's Messaging Administrator who was responsible for custodian searches of EverBank Repositories recently left EverBank, and EverBank has yet to hire a replacement (but is in the process of doing so). *Id.* ¶ 4. While this position is open and during the replacement's transition and training, EverBank does not

have in-house resources to identify and capture ESI in response to plaintiffs' discovery requests. *Id.* Because of a lack of personnel resources and the demands presented by the discovery requests, EverBank would need to retain a third-party vendor to assist with harvesting and culling of ESI from the relevant data repositories. EverBank would also need to incur the expense of having outside counsel review and produce the data once it is identified and collected. *Id.* ¶ 5. Moreover, EverBank is in the process of transitioning one of its main data centers used to store archived email to a new facility, while simultaneously converting its email archive system to a new platform. The transition process is not likely to be completed until mid-2015. During the transition, EverBank's resources to access archived ESI will be impeded. *Id.* ¶ 3.

Once ESI is located, its processing is costly. A recent analysis of e-discovery collection, processing, and review costs by the Rand Institute for Civil Justice found that such expenses averaged approximately $18,000 per gigabyte in the thirty-five cases examined. *See* Nicholas M. Pace & Laura Zakaras, Where the Money Goes: Understanding Litigant Expenditures for Producing Electronic Discovery, at 20 (April 2012), *available at* http://www.rand.org/content/dam/rand/pubs/monographs/2012/RAND_MG1208.pdf. It is reasonable to assume that, on average, each custodian will have approximately 10 gigabytes of data. Thus, the cost for processing each custodian's ESI could be in the range of $180,000. Once multiple custodians are involved, the costs can quickly become staggering.

While the necessity of the propounded discovery is uncertain until the motions are decided, its burdensomeness is clearly not. Plaintiffs will not be prejudiced by a temporary stay of discovery. If the Court grants EverBank's motion to dismiss, then the lawsuit is concluded and no discovery is required. At worst, plaintiffs will incur a minimal delay while the Court completes its analysis and ruling on the pending motions. *See, e.g.*, *Minton v. Jenkins*, 2011 WL

2038700, at *2 (N.D. Fla. May 24, 2011) (staying discovery noting that "Plaintiff has failed to show he will be prejudiced by a stay of discovery"). Accordingly, good cause for a stay is further demonstrated by the substantially greater burden on EverBank in responding to potentially unnecessary discovery as compared with any burden caused to plaintiffs by a short delay.

## IV.    Conclusion

For the foregoing reasons, defendant EverBank respectfully requests that the Court enter an Order staying all discovery against it in this action until the Court decides EverBank's pending motion to dismiss.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for EverBank hereby certifies that they conferred with plaintiffs' counsel in a good faith effort to resolve the issues raised in the motion, but plaintiffs oppose the relief sought herein. Counsel for EverBank further certifies that they conferred with counsel for defendants Assurant, Inc., American Security Insurance Co., and Standard Guaranty Insurance Co. (collectively, the "Assurant Defendants"), and that the Assurant Defendants consent to the motion to stay discovery.

Dated: Miami, Florida
      October 7, 2014

Respectfully submitted,

**K&L GATES LLP**
Paul F. Hancock, Esq.
Florida Bar No. 140619
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 3900
Miami, Florida  33131-2399
Phone: 305-539-3300
Fax:    305-358-7095
Email: paul.hancock@klgates.com


By: _/s/ Paul F. Hancock_____
    PAUL F. HANCOCK

**K&L GATES LLP**
Irene C. Freidel (*admitted pro hac vice*)
David D. Christensen (*admitted pro hac vice*)
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Phone:  (617) 261-3100
Fax:  (617) 261-3175
Email: irene.freidel@klgates.com
       david.christensen@klgates.com

*Attorneys for Defendants EverBank and*
*Everhome Mortgage, a division of*
*EverBank*


## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on October 7, 2014, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record on the service list set forth below.


By: _/s/ Paul F. Hancock_____
    PAUL F. HANCOCK

11

<u>**SERVICE LIST**</u>
**CASE NO.  1:14-cv-22264-BLOOM (S.D. FLORIDA)**

Aaron Samuel Podhurst, Esq.
apodhurst@podhurst.com
John Gravante, III, Esq.
jgravante@podhurst.com
Matthew Weinshall, Esq.
mweinshall@podhurst.com
Peter Prieto, Esq.
peter.prieto@podhurst.com
**Podhurst Orseck, P.A.**
City National Bank Building
25 W. Flagler Street, Suite 800
Miami, FL 33130-1780
Phone: 305-358-2800
Fax:    305-358-2382
*Counsel for Plaintiffs*

Robert J. Neary, Esq.
rn@kttlaw.com
Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Adam M. Moskowitz, Esq.
amm@kttlaw.com
Rachel Sullivan, Esq.
rs@kttlaw.com
**Kozyak Tropin & Throckmorton, P.A.**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, FL 33134
Phone: 305-372-1800
Fax:    305-372-3508
*Counsel for Plaintiffs*

John Scarola, Esq.
mep@searcylaw.com
**Searcy Denney Scarola Barnhart & Shipley**
2139 Palm Beach Lakes Boulevard
PO Drawer 3626
West Palm Beach, FL 33402
Phone: 561-686-6300
Fax: 561-383-9451
*Counsel for Plaintiffs*

Howard Mitchell Bushman, Esq.
hbushman@harkeclasby.com
Lance August Harke, Esq.
lharke@harkeclasby.com
Sarah Clasby Engel, Esq.
sengel@harkeclasby.com
**Harke Clasby & Bushman LLP**
9699 NE Second Avenue
Miami Shores, FL33138
Phone: 305-536-8220
Fax:    305-536-8229
*Counsel for Plaintiffs*

Eric D. Holland, Esq. *pro hac vice*
EHolland@allfela.com
**Holland Groves Schneller & Stolze**
300 N. Tucker Blvd.
St. Louis, MO 63101
Phone: 314-241-8111
Fax: 314-241-5554
*Counsel for Plaintiffs*

Farrokh Jhabvala, Esq.
fjhabvala@cfjblaw.com
Franklin G. Burt, Esq.
fburt@cfjblaw.com
Todd Matthew Fuller
tfuller@cfjblaw.com
**Carlton Fields Jorden Burt, P.A.**
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131-2113

12