**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CIV-22264-BLOOM/VALLE**

DWIGHT WILSON, JESUS A. AVELAR-LEMUS,
JESSIE CROSS, and MATTIE CROSS
on behalf of themselves and all others
similarly situated,

        Plaintiffs,

v.

EVERBANK, N.A., EVERHOME MORTGAGE,
ASSURANT, INC., STANDARD GUARANTY
INSURANCE COMPANY, and AMERICAN
SECURITY INSURANCE COMPANY,

        Defendants.

_____/

**PLAINTIFFS' RESPONSE TO**
**EVERBANK'S MOTION TO STAY DISCOVERY**

Plaintiffs respectfully request that the Court deny Defendant Everbank, N.A. and Everhome Mortgage's (collectively "Everbank") Motion to Stay Discovery (D.E. 59). The Motion was not joined by Defendants Assurant, Inc. and American Security Insurance Company and similar motions to stay have been regularly denied by this Court and others. Moreover, Plaintiffs have sought only very limited, targeted discovery in this matter that has already been produced in other force-placed actions before this Court. For the reasons set forth below, the Motion should be denied.

**BACKGROUND**

There is no reason to stay discovery in this action pending resolution of the defendants' motions to dismiss. The motions to dismiss filed in this case will not dispose of this action entirely on their face—they set forth arguments that have been routinely rejected by courts

presiding over force-placed insurance class actions in this and other districts, and do not include any argument that overwhelmingly favors dismissal of even one of the claims raised. Once the Court rules on those motions, even if it denies them in part, there will still be claims to litigate and the discovery sought will be relevant to the issues presented.

The Assurant Defendants, who have not sought a stay of discovery in this action, have been defending claims in force-placed insurance class action litigation before this Court for many years and are well-versed in gathering the relevant information that Plaintiffs seek. They have produced nearly identical responsive discovery in the many cases they have litigated before this Court, both in litigation and in connection with settlement negotiations, and have done so promptly. In fact, Plaintiffs and the Assurant Defendants have already agreed upon dates for the corporate representative deposition in this matter to take place in mid-November. A stay of all discovery will therefore impose a burden on the Assurant Defendants who will have to provide new additional dates for the deponent once litigation continues.

Indeed, Judge Cohn denied a similar motion to stay in a force-placed insurance class action pending in this district, and held as follows:

> Here, the Court finds that Defendants have failed to demonstrate good cause for a stay of discovery in this matter. Defendants' argument is premised largely on the fact that if the Court grants Defendants' motions to dismiss, it will be dispositive of the case. The Court is not convinced that this is the case. Moreover, Defendants have failed to make the requisite showing of prejudice or burdensomeness for the Court to issue a stay of discovery. Accordingly, the Court declines to grant the relief sought.

*See Hamilton v. Suntrust Mortg. Inc.*, 2014 U.S. Dist. LEXIS 85885(S.D. Fla. Jan. 3, 2014) ("Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'"), *id.* (internal citations

2

357891.1

omitted).

Further, when faced with a similar request, Magistrate Judge Goodman likewise denied defendants' motion to stay discovery, finding that the dispositive motions were not a "slam dunk" and "discovery stay motions are 'generally denied.'" *See See Montoya v. PNC Bank, N.A.*, 2014 U.S. Dist. LEXIS 84279 at \*7 (S.D. Fla. June 20, 2014).

The Motion is simply these Defendants' latest attempt to slow the proceedings in this action since Plaintiff filed his complaint over four (4) months ago. After numerous requests by Plaintiffs, the parties finally conducted their joint scheduling conference on September 12, 2014, and Plaintiffs then served the very brief discovery. Plaintiffs served Everbank, collectively, with just twelve document requests, seven interrogatories and one deposition notice for Everbank (comprising both entities). This limited and targeted discovery will likely be the *only* discovery that Plaintiffs will require prior to filing their Motion for Class Certification because undersigned counsel has been litigating these force-placed cases before this Court for more than three years and are very familiar with the force-placed insurance practices. Granting a stay here will do nothing but simply delay resolution of the Plaintiffs, and the putative class's, claims. There is no reason to stay discovery on these viable causes of action.

## LEGAL ARGUMENT

Plaintiffs' counsel has propounded reasonable and targeted discovery that would involve only one corporate representative deposition and limited requests for production and interrogatories. Everbank will have the full opportunity to conduct their own discovery and have all of their dismissal arguments heard in an expedited manner. Even given this reasonable discovery, Everbank still maintains that an absolute stay of all discovery is warranted to delay this case for many more months.

357891.1

**A.      Motions to Stay Discovery are Disfavored.**

Defendants' reliance upon *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353 (11th Cir. 1997), is misplaced.  "Since the Eleventh Circuit handed down *Chudasama,* it has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. 2008).  "Absent a specific showing of prejudice or burdensomeness by the movant, Appendix A to our Local Rules recommends that unilateral motion[s] to stay discovery pending a ruling on [a] dispositive motion should be denied." *Bocciolone,* 2008 WL 2906719 at *2; see also S.D. Fla. L.R. App. A. Discovery Practices Handbook, I(D)(5) (2008).  In fact, "[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district." *Flecha v. Neighbors Moving Servs., Inc.*, 2013 WL 1908409 (S.D. Fla. Mar. 7, 2013).  Indeed, "[a] request to stay discovery pending the resolution of a motion [to dismiss] is rarely appropriate unless resolution of the motion to dismiss will dispose of the entire case." *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (internal citation omitted).

Here, a stay of discovery is not justified because Defendants have failed to show the requisite burden or prejudice and their motions to dismiss are "not so clear 'on [their] face [that] there appears to be an immediate and clear possibility that [they] will be granted.'" *APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 2762064, at *2 (M.D. Fla. Aug. 28, 2009) (internal citations omitted).  To the contrary, courts presiding over other force-placed insurance class actions in this district have consistently denied motions to dismiss the same claims as those pled here.  *See, e.g., Jackson v. U.S. Bank, N.A.*, 2014 U.S. Dist. LEXIS 117146 (S.D. Fla. Aug. 20, 2014); *Hamilton v. SunTrust Mortg., Inc.*, No. 13-cv-60749-JIC (S.D. Fla.) (D.E. 145, 147);

4

357891.1

*Kunzelmann v. Wells Fargo Bank, N.A.*, No. 11-cv-81373-DMM (S.D. Fla.) (D.E. 74); *Williams v. Wells Fargo Bank, N.A.*, No. 11-cv-21233-CMA (S.D. Fla.) (D.E. 76, 93, 103); *Mahdavieh v. SunTrust Mortg., Inc.*, No. 13-cv-62801-JIC (S.D. Fla.) (D.E. 60); *Popkin v. Citibank, N.A.*, No. 13-cv-60722-FAM (S.D. Fla.) (D.E. 40); *Fladell v. Wells Fargo Bank, N.A.*, No. 13-cv-60721-FAM (S.D. Fla.) (D.E. 43); *Lopez v. HSBC Bank, N.A.*, No. 13-cv-21104-FAM (S.D. Fla.) (D.E. 43); *Saccoccio v. JPMorgan Chase Bank, N.A.*, No. 13-cv-21107-FAM (S.D. Fla.) (D.E. 49); *Hall v. Bank of Am., N.A.*, NO. 12-cv-22700-FAM (S.D. Fla.) (D.E. 226).[1]  Thus, Defendants' motions to dismiss Plaintiffs' claims will not "be granted and entirely eliminate the need for such discovery."  *See id.* at *2.

Accordingly, courts have denied motions to stay discovery pending resolution of force-placed insurance defendants' motions to dismiss.  Recently, Judge Cohn denied a motion to stay by the lender and insurer defendants in *Hamilton,* explaining that he was "not convinced" that the motions to dismiss in that case would be dispositive of the claims raised, and that motions to stay discovery pending resolution of motions to dismiss "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* 2014 U.S. Dist. LEXIS 85885 at *4 (quoting *Feldman v. Flood*, 142 F.R.D. 651, 652 (M.D. Fla. 1997).

Judge Moreno also allowed discovery to proceed expeditiously in the five cases pending before him in which motions to stay discovery were filed.  At an omnibus hearing on motions to

---

[1] Courts in other judicial districts also routinely uphold these claims.  *See, e.g., Rothstein v. GMAC Mortg., LLC*, No. 12-cv-3412, 2013 WL 5437648 (S.D.N.Y. Sept. 30, 2013); *Simpkins v. Wells Fargo Bank, N.A.*, No. 12-cv-00768, 2013 WL 4510166 (S.D. Ill. Aug. 26, 2013); *Casey v. Citibank, N.A.*, 915 F. Supp. 2d 255 (N.D.N.Y. 2013).

357891.1

dismiss, transfer or sever, and to stay discovery pending resolution of those motions, Judge Moreno first advised the parties that he does not generally stay discovery pending resolution of motions to dismiss. *See Hall v. Bank of Am., N.A.*, No. 12-cv-22700 (S.D. Fla.) (D.E. 225 at 41:24-42:2 ("That's why I don't like to stay discovery, see?  The problem with that is … [i]f it's going to take so long, we might as well get started early.")).  Judge Moreno then ruled from the bench that discovery would be stayed for just eight days to allow the court time to create a discovery plan for all of the five pending cases, and then would proceed on all issues as to all lender-defendants.[2]  *See id.* (D.E. 225 at 92:125-20.)   Judge Moreno staged discovery as to the Assurant Defendants, also parties here, allowing discovery to proceed at first on just two issues as to Assurant Inc. (the application of the filed-rate doctrine to the insurer defendants and Assurant, Inc.'s assertion that it was not a proper party to the action), and on the filed-rate doctrine as to ASIC.  *See, e.g., Lopez v. HSBC Bank (USA), N.A.*, No. 13-cv-21104 (S.D. Fla.) (D.E. 43).

Precedent on application of the filed-rate doctrine has developed since that time, however, and now weighs strongly against applying the doctrine in the force-placed insurance context.  Indeed, numerous courts have held that it does not bar claims against force-placed insurers as a matter of law where a plaintiff challenges the lender's decision to pass on artificially inflated premiums to the borrower, as plaintiffs have here.  *See, e.g., Rothstein*, 2013 WL 5437648, at *4-9 (reasoning, *inter alia*, that filed rates charged the lender by the insurer and then passed on to the borrower are not approved by regulatory authorities for payment by the borrower; they are instead approved for payment only by the lender); *Smith v. Suntrust Mortg.,*

---

[2] The sole exception was the *Saccoccio* case against the Chase Defendants (f/k/a *Herrick*), which Judge Moreno stayed in its entirety for approximately six weeks, pending Judge Cohn's resolution of a motion for preliminary settlement approval in another, potentially overlapping force-placed insurance class action against the same defendants.  *See id.* (D.E. 225 at 91:16-22).

357891.1

*Inc.*, 2013 WL 5305651, at *5-6, 9 (C.D. Cal. Sept. 16, 2013) (observing that "the conclusion that the filed-rate doctrine doesn't bar the asserted claims is consistent with the weight of relevant case law") (citations omitted); *Simpkins v. Wells Fargo Bank, N.A.*, No. 12-cv-0768, 2013 WL 4510166, at *14 (S.D. Ill. Aug, 26, 2013) (following cases that view force-placed insurance cases "not as a challenge to the legal rates charged, but rather as a challenge to the manner in which the defendants select the insurers, the manipulation of the force-placed insurance policy process, and the impermissible kickbacks included in the premiums") (citations omitted); *Leghorn v. Wells Fargo Bank, N.A.*, 2013 WL 3064548, at *20-21 (N.D. Cal. June 19, 2013) (filed-rate doctrine did not bar claims against insurers because allegations did not "amount to a challenge to QBE's rate, but to a challenge of QBE's manipulation of Wells Fargo's purchasing decision").[3]   Given this precedent, it cannot be said that the defendants' motions to dismiss Plaintiffs' claims here are "so clear 'on [their] face [that] there appears to be an immediate and clear possibility that [they] will be granted.'" *APR Energy*, 2009 WL 2762064, at *2.  There is, therefore, no reason to limit discovery to issues arising from the filed-rate doctrine in this case.

The clear weight of authority, particularly in this district, favors denying the motion to stay.  In contrast to Defendants' assertions, Plaintiff's discovery requests will not "complicate" matters before this Court, but instead greatly simplify them.  Moreover, as shown below, proceeding with discovery now will not unduly burden the defendants or cause them to suffer

---

[3] The courts in these cases followed earlier decisions in this and other districts in denying applications of the doctrine to force-placed lenders and insurers. *See, e.g., Cannon v. Wells Fargo Bank, N.A.*, No. C-12-1376, 2013 WL 132450 (N.D. Cal. Jan. 9, 2013); *Gustafson v. BAC Home Loan Servicing, LP*, NO. SACV-11-915, 2012 WL 7071469 (C.D. Cal. Dec. 20, 2012); *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063 (N.D. Cal. 2012); *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 11-cv-81373-DMM, 2012 WL 2003337, at *2-*3 (S.D. Fla. June 4, 2012); *Abels v. J.P. Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 1273, 1277-78 (S.D. Fla. 2009).

357891.1

prejudice.

**B.      Everbank Will Not Suffer Any Prejudice If Discovery Continues.**

Proceeding with the very narrow discovery will not impose any undue burden on any of the Defendants or cause them to suffer any prejudice.  Indeed, the only alleged burden Everbank professes concerns the production of electronically stored information ("ESI"), such as emails, and the searches involved in doing so.

There are many ways to reduce any perceived burden through good faith negotiations required by the Federal Rules of Civil Procedure.  Moreover, leaving ESI aside, the vast majority of information sought is easily and readily available, including, but not limited to, 1) the agreements between the Defendants (commonly identified as Master Service Agreements, Statements of Work, Quota-Share Reinsurance Agreements, and/or Commission Agreements); 2) simple financial data such as the number of policies written by state, the amount of premium charged by state, the commissions paid to Everbank, the reinsurance payments between the Defendants and their related entities, the number of loans tracked, the claims paid on loans;   3) the marketing material provided by Assurant to Everbank to obtain business; and 4) the reports generated and exchanged monthly, quarterly or yearly between the Defendants.  This information is identifiable, relevant, and can be easily produced immediately by Everbank, with no burden and without suffering prejudice.  Indeed, this precise information has been produced without difficulty by numerous banks in these force-placed insurance cases before this Court as well as in connection with regulatory and governmental investigations.

Plaintiffs' counsel have always been willing to negotiate reasonable resolutions to discovery disputes in all past lender placed litigation in an effort to streamline litigation to reduce the burden on all parties and the Court and pledge to do so here.  Accordingly, the extreme

8

357891.1

remedy of delaying all discovery is unwarranted.

**WHEREFORE**, Plaintiffs respectfully request that Everbank's Motion to Stay Discovery be denied.

Respectfully submitted this 23rd day of October, 2014.

KOZYAK TROPIN & THROCKMORTON, P.A.
Attorneys for Plaintiffs
2525 Ponce De Leon, 9th Floor
Coral Gables, Florida  33134
Tel: 305-372-1800 / Fax: 305-372-3508

By: /s/ *Adam M. Moskowitz*

| | |
|---|---|
| Adam M. Moskowitz, Esq. <br> amm@kttlaw.com <br> Tucker Ronzetti, Esq. <br> tr@kttlaw.com <br> Rachel Sullivan, Esq. <br> rs@kttlaw.com <br> Robert J. Neary, Esq. <br> rn@kttlaw.com <br> **KOZYAK, TROPIN, &** <br> **THROCKMORTON P.A.** <br> 2525 Ponce de Leon Blvd., 9th Floor <br> Coral Gables, FL 33134 <br> Telephone:  (305) 372-1800 <br> Facsimile:   (305) 372-3508 <br> *Counsel for Plaintiffs* | Lance A. Harke, Esq. <br> lharke@harkeclasby.com <br> Sarah Engel, Esq. <br> sengel@harkeclasby.com <br> Howard M. Bushman, Esq. <br> hbushman@harkeclasby.com <br> **HARKE CLASBY & BUSHMAN LLP** <br> 9699 NE Second Avenue <br> Miami Shores, Florida 33138 <br> Telephone:     (305) 536-8220 <br> Facsimile:      (305) 536-8229 <br> *Counsel for Plaintiffs* |
| Aaron S. Podhurst, Esq. <br> apodhurst@podhurst.com <br> Peter Prieto, Esq. <br> pprieto@podhurst.com <br> **PODHURST ORSECK, P.A.** <br> City National Bank Building <br> 25 West Flagler Street, Suite 800 <br> Miami, Florida 33130 <br> Telephone: 305-358-2800 <br> Facsimile: 305-358-2382 <br> *Counsel for Plaintiffs* | |

9

357891.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 23rd, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Adam M. Moskowitz*
Adam M. Moskowitz

10

357891.1