

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-22264-BLOOM/VALLE

DWIGHT WILSON, JESUS A. ALEVAR-LEMUS, )
JESSIE CROSS, and MATTIE CROSS )
on behalf of themselves and all others )
similarly situated )
                Plaintiffs, )
v. )
EVERBANK, STANDARD GUARANTY )
INSURANCE COMPANY, and AMERICAN )
SECURITY INSURANCE COMPANY, )
                Defendants. )

## OBJECTION OF MICHELLE MEADE TO SETTLEMENT AND NOTICE OF INTENT TO APPEAR

I.  **INFORMATION REQUIRED BY CLASS ACTION NOTICE**

   A.  **CASE NAME AND NUMBER**

   The case name and number is in the caption to this document.

   B.  **NAME, ADDRESS, TELEPHONE NUMBER OF THE SETTLEMENT CLASS MEMBER OBJECTING AND HIS/HER COUNSEL**

   Objector: Michelle T. Meade
   Physical: 57L Mahogany Run, St. Thomas, USVI 00802
   Mailing: 9160 Estate Thomas PMB#217, St. Thomas, USVI 00802

   Counsel: J. Russell B. Pate, Esq.
   THE PATE LAW FIRM
   11A Norre Gade
   P.O. Box 890 St. Thomas, USVI 00804
   340.777-7283 Office
   888.889.1132 Fax
   Pate@SunLawVI.com
   V.I. Bar No: 1124
   Fla. Bar No: 65014

   C.  **THE BASIS FOR THE OBJECTION**

   The basis for this objection is set forth in greater detail in Section IV, *infra*.

   D.  **STATEMENT OF WHETHER OBJECTOR INTENDS TO APPEAR AT THE FINAL APPROVAL HEARING**

   Objector will be represented by counsel and intends to appear in person and with counsel at the Final Approval Hearing.

## II. INTRODUCTION AND CLASS MEMBERSHIP

COMES NOW, class member Michelle T. Meade ("Meade" or "Objector") and objects to the Settlement Agreement. Objector intends to appear at the Final Approval Hearing fairness on January 20, 2016 at 10:00 a.m., before the Honorable Beth Bloom in Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128, via her attorney of record.

Objector Meade is a class member, qualified to make claims according to the Notice of Class Action Settlement. Ms. Meade resides at Mahogany Run Condominium, Unit 57Lower, St. Thomas, U.S. Virgin Islands. She may be contacted through her attorney, J. Russell B. Pate, Esq. Ms. Meade's personal information has been redacted for privacy purposes and will be provided to counsel and the Court upon request, outside of publicly filed documents.

The Objector respectfully submits that the proposed settlement is unfair and unreasonable and should be denied approval for the following reasons:

(1) The proposed settlement is generally unfair, unreasonable, and inadequate, procedurally and substantively, including most notably the inadequacy of the relief afforded to Virgin Islands class members. The proposed settlement is inequitable because it uses a formula to distribute settlement proceeds which favors absent Settlement Class members in states where the Defendants' force-placed insurance was legal, over absent class members in the Virgin Islands where the force-placed insurance was illegal due to Defendants not having the required insurance license and acting contrary to Virgin Islands law. This lack of consideration for local law requires greater distribution to affected class members of the Virgin Islands, because class members in that jurisdiction suffered greater injuries to their legal well-being as well as their credit scores.

(2) The proposed Settlement Class also fails to meet the requirements of Rule 23(a)(4), which provides that a court may only certify a class if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4). By proposing a class that consists predominantly of individuals in other jurisdictions where the Defendants were licensed to offer insurance services, Virgin Islanders are wrongfully asked to sacrifice appropriate remedies at law.

For the foregoing reasons, analyzed in more detail below, final approval of the proposed settlement should be denied.

### III. STANDARD OF REVIEW

Where a class action has been certified specifically for the purpose of settlement, "the district judge has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate' and that the fee awarded plaintiffs' counsel is entirely appropriate." Piambino v. Bailey, 757 F.2d 1112, 1138 (11th Cir. 1985) ("Piambino II"). That scrutiny includes determining what is real value and what is created to "mask[] the relative payment of the class counsel as compared to the amount of money actually received by the class members. Feder v. Frank (In re HP Inkjet Printer Litig.), 716 F.3d 1173, 1179 (9th Cir. 2013).

### IV. STATEMENT OF SPECIFIC OBJECTIONS

Due to actions of the Defendants, Ms. Meade received force-placed insurance coverage for her condominium, which amounted to illegal insurance in the U.S. Virgin Islands. This is because the insurance was not received from a company licensed to offer insurance in the jurisdiction, as required by 22 V.I.C. § 752 (2014). The proposed settlement of refunding the insurance premium is an inappropriate and insufficient remedy when that premium was in fact unlawful under the laws of the Virgin Islands. Virgin Islands consumers of insurance, including Ms. Meade, were

negatively impacted by both Defendants' conspiratorial actions to increase insurance premiums **and** their ongoing fraud and misrepresentation regarding their ability to offer insurance services in the Virgin Islands. Violations of Title 22, Section 752 are subject to civil and criminal penalties. Further, under Title 11A of the Virgin Islands Code, consumer protection laws permit treble damages and punitive damages for any business act which misrepresents, deceives, or unfairly influences a reasonable and objective consumer. Force placed insurance was unfair and deceptive.

**A. This Court should not approve the Settlement because it does not Accurately Reflect Damages to Citizens of the Virgin Islands, including the Objector**

Title 22 of the Virgin Islands Code was enacted to regulate the insurance industry's operation in the territory, as well as to protect consumers from insurance companies not complying with laws and regulations. Under 22 V.I.C. § 202, "[n]o person shall act as an insurer and no insurer shall transact insurance in this territory other than as authorized by a certificate of authority issued to it by the Commissioner" of Insurance. See 22 V.I.C. § 202(a). In addition, a license from the Virgin Islands Division of Banking and Insurance is required before a company can offer insurance services to residents of the Virgin Islands. 22 V.I.C. § 752. In order to obtain a license, an application is required. See 22 V.I.C. § 754. An examination is also required unless, among other exceptions, a nonresident broker has met qualification requirements in their current state and "are deemed by the Commissioner to be fully qualified and competent." See 22 V.I.C. § 755(a)(2). Providing insurance without a license is a criminal offense, and a person in violation "shall be liable to a fine of not to exceed $500 and imprisonment for not to exceed six months for each instance of violation." See 22 V.I.C. § 752(c). The enactment of criminal penalties for unlicensed insurers demonstrates the jurisdiction's serious commitment to protecting its citizens from insurers operating contrary to law.

The Virgin Islands legislature has even gone so far to attempt to regulate non-resident insurers by not granting them permission to operate without a resident countersigning agent. These provisions were stricken as unconstitutional by the court in Council of Ins. Agents & Brokers v. Richards, 2008 U.S. Dist. LEXIS 43758 at *5-6 (DVI) but only "to the extent that they deny to Virgin Islands-licensed nonresident insurance agents the same rights and privileges that they afford to Virgin Islands-licensed resident agents." Even now, Division licensing fees for non-resident agents are substantially higher than those for residents. See http://ltg.gov.vi/division-of-banking-and-insurance-fees.html.

In Florida, "an otherwise-valid insurance policy is not rendered invalid because it was procured by an unlicensed agent." See Buell v. Direct Gen. Ins. Agency, Inc., 267 F. Appx. 907, 909 (11th Cir. 2008) (citing Fla. Stat. § 626.141). There is no similar provision in the Virgin Islands Code, and "courts are bound to strike down illegal contracts." See Vanterpool v. Gov't of the Virgin Islands, 2015 V.I. Supreme LEXIS 23, 44 (internal citation omitted). Since the Defendants were providing insurance without complying with the laws of the Virgin Islands, the insurance contracts were void under Virgin Islands law.

This was not the only unique problem faced by Ms. Meade. By the nature of a force-placed insurance policy, Ms. Meade did not initially have a choice in accepting the illegal insurance. Before February 2015, Everhome Insurance/Everbank received the coverage letter from the Mahogany Run Condominium Association. After that date, Everbank continued to send letters stating that Ms. Meade did not have coverage, even though she believed she did based on past dealing. Money was forcibly deducted from her escrow account to pay for the policy and the escrow account dipped into a negative balance, which adversely affected her annual review of her account and credit score.

The damages described above would not have occurred in Florida or other jurisdictions where the named plaintiffs resided. These damages were incurred above and beyond the claims in the named plaintiffs' lawsuits, alleging a kickback scheme that artificially inflated insurance premiums. Affirming the proposed settlement agreement as final would be unjust and contrary to the spirit of class certification for the purpose of settlement, because of its lack of consideration for the rights of the unnamed Virgin Islands class members.

**B. The Distribution Proceeds Calculation is Inadequate for Virgin Islands Class Members**

As a result, Settlement Agreement should not be approved at the Final Approval Hearing because the cash or credit award is too low for Virgin Islands class members. For instance, it does not reflect Ms. Meade's lost work time/wages, inconvenience, and frustration with the significant time commitment involved with removing the unlawful insurance from her condo and mitigating the impact to her credit score. Ms. Meade was promised that the illegal insurance would be removed and refunded as early as April 2015, the same month she discovered the force-placed insurance policy against her will. By May, the promise was not fulfilled, and it continued to not be fulfilled through August. Every month from February to August, she spent hours on the phone attempting to convince Everbank employees and supervisors that the insurance was illegal in the Territory and needed to be removed. Each time she called, it would be another agent of Everbank in a near endless cycle of promising the matter would be corrected, then discovering the matter was not corrected, re-faxing the documentation again, Everbank saying they did not receive or could not locate the documentation, asking to use an email address, Everbank agents stating they do not use email – like a *Kafkaesque* bureaucracy. Further, she spent additional hours reviewing her escrow account, gathering supporting documents from the Condominium Association, reviewing her bank records and credit scores and repeatedly faxing information to Everbank.

The proposed settlement also does not consider the awards that could reasonably be obtained by affected Virgin Islands class members' additional legal claims, and would unjustly foreclose these class members' access to such remedies. At the very least, the settlement amount should have been higher for Virgin Islands claimants to reflect their additional damages.

The Settlement Agreement as proposed creates two Claim Settlement Relief categories: (1) Settlement Class Members who are Borrowers Who Were Charged But Did Not Pay and Still Owe Their LPI Premium; and (2) Settlement Class Members who are Borrowers Who Paid Their LPI Premium (Settlement Agreement 25). The first category's timely claimants can receive an amount equal to 12.5 percent of the Net Premium, delivered to their mortgage escrow account or via check. The second category's timely claimants can receive a check equal to 12.5 percent of the Net Premium charged. These two categories both fail to account for the potential claimant in Ms. Meade's position.

Claimants like Ms. Meade include all claimants and potential claimants in the Virgin Islands, for the reasons described above. Because of the large number of potential claimants in this situation that are inadequately represented by the current proposed settlement, the settlement cannot reach the threshold of "fair, reasonable, and adequate." Piambino v. Bailey, 757 F.2d at 1138. The current settlement takes unacceptable advantage of the inconvenient distance of the Virgin Islands from the rest of the unnamed class members. In re Dry Max Pampers Litigation, 724 F.3d 713, 715 (6th Cir. 2013) ("Pampers").

The law of the Virgin Islands was not considered by the named plaintiffs and counsel nor by the defendants in attempting a national class actions settlement to minimize liability and damagses. Courts in approving a class action settlement must be constantly vigilant of "the danger that the parties and counsel will bargain away the interests of unnamed class members in order to

maximize their own." Id. Keeping the settlement award amount at an unacceptably lower amount increases the chances of a favorable settlement for the Defendants and the named Plaintiffs' counsel. Feder v. Frank (In re HP Inkjet Printer Litig.), 716 F.3d at 1179. It continues to be beneficial for counsel in class actions to not consider the interests of potential Virgin Islands claimants, because the Virgin Islands is small, distant, and not often heard. However, the Legislature of the Virgin Islands has enacted strict rules for insurance and, further, provided a robust consumer protection law to protect the residents of the Territory. Affirming a settlement marred by this fact would not meet the "heavy duty" a district judge in ensuring fairness to class members, both named and unnamed. Piambino II, 757 F.2d at 1138. The duty owed has been compared to a fiduciary relationship by this court. See Figueroa v. Sharper Image Corp., 517 F. Supp. 2d 1292, 1320 (S.D. Fla. 2007) (quoting Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 652 (7th Cir. 2006)).

## V. CONCLUSION

The settlement agreement as proposed is not fair, reasonable, or adequate for Ms. Meade, unnamed Virgin Islands class members, and any other potential claimants in a substantially similar position. As such, this court should reject the proposed settlement at the Final Approval Hearing.

Respectfully submitted,

DATED: December 21, 2015

_____
J. RUSSELL B. PATE, ESQUIRE
THE PATE LAW FIRM
11A Norre Gade
P.O. Box 890 St. Thomas, USVI 00804
340.777-7283 Office / 888.889.1132 Fax
Pate@SunLawVI.com
V.I. Bar No: 1124
Fla. Bar No: 65014
*Attorney for the Objector*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st of December, 2015, I served the foregoing Objection upon all counsel via ECF, USPS mail and email:

**CLERK OF THE COURT**

Clerk of the United States District Court
for the Southern District of Florida
400 North Miami
8th Floor
Miami, FL 33128

**CLASS COUNSEL**

Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd.
9th Floor
Coral Gables, FL 33134
amm@kttlaw.com

**COUNSEL FOR ASSURANT DEFENDANTS**

Frank G. Burt
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson St., NW
Suite 400 East
Washington, D.C. 20007-5208
fburt@cfjblaw.com

**COUNSEL FOR EVERBANK**

Irene C. Freidel
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
irene.freidel@klgates.com