IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:14-cv-22264-BLOOM

DWIGHT WILSON, JESUS A. AVELAR-LEMUS, JESSIE CROSS, and MATTIE CROSS, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

EVERBANK, NA, STANDARD GUARANTY INSURANCE COMPANY, and AMERICAN SECURITY INSURANCE COMPANY,

Defendants.

January 20, 2016
10:04 a.m.

Pages 1 THROUGH 14

---

TRANSCRIPT OF SETTLEMENT CONFERENCE
BEFORE THE HONORABLE BETH BLOOM
UNITED STATES DISTRICT JUDGE

Appearances:

FOR THE PLAINTIFFS:
KOZYAK, TROPIN & THROCKMORTON
ADAM M. MOSKOWITZ, ESQ.
THOMAS A. TUCKER RONZETTI, ESQ.
2525 Ponce de Leon Boulevard, Suite 900
Coral Gables, Florida 33134-6036

PODHURST, ORSECK, PA
AARON SAMUEL PODHURST, ESQ.
25 West Flagler Street, Suite 800
Miami, Florida 33130-1780

HARKE, CLASBY & BUSHMAN, LLP
LANCE AUGUST HARKE, ESQ.
HOWARD MITCHELL BUSHMAN, ESQ.
9699 Northeast Second Avenue
Miami Shores, Florida 33138

FOR AMERICAN SECURITY: STANDARD GUARANTY VOYAGER INDEMNITY
CARLTON, FIELDS, JORDEN, BURT, PA
FRANKLIN G. BURT, ESQ.
100 Southeast 2nd Street, Suite 4200
Miami, Florida 33131-2113

FOR EVERBANK, NA: K&L GATES, LLP
EVERHOME MORTGAGE IRENE C. FREIDEL, LLP
One Lincoln Street
Boston, Massachusetts 02111

COURT REPORTER: Yvette Hernandez
U.S. District Court
400 North Miami Avenue, Room 10-2
Miami, Florida 33128
yvette_hernandez@flsd.uscourts.gov

COURTROOM DEPUTY: Calling Case Number, 14-22264, Civil, Wilson, et al v. Everbank, NA, et al.

Counsel, please state your appearances for the record.

MR. MOSKOWITZ: Yes, on behalf of class counsel, Your Honor, Adam Moskowitz, Lance Harke, Aaron Podhurst, Howard Bushman, and Tucker Ronzetti.

THE COURT: Hi. Good morning to each of you.

MR. MOSKOWITZ: Good morning.

MR. BURT: Your Honor, on behalf of American Security, Standard Guaranty, and Voyager Indemnity, Frank Burt and Farrokh Jhabvala.

MS. FREIDEL: Your Honor, on behalf of Everbank and Everhome Home Mortgage, Irene Freidel.

THE COURT: Good morning to each of you. Go ahead and have a seat.

MR. BURT: Good morning, Your Honor. Thank you.

MS. FREIDEL: Good morning.

THE COURT: Before the Court is a fairness hearing. On August 28th of 2015, the Court granted the Plaintiff's motion for a preliminary approval of a class action settlement, certifying a class for settlement purposes, and directing the issuance of a class notice and scheduling a final approval hearing.

As we know, preliminary approval is the first step, and the second step is, obviously, after notice to the class

and the time and opportunity for class members to object, the Court considers whether to grant the approval.

I want to ensure that the Court has before it the objections that were filed. Although, one objection, it was filed by two individuals, Amirali Jabrani and Janet Jabrani, as well as the Court received and termed it as an objection, but a dissatisfaction by Catherine Iadevaio. I do see, by way of a supplemental filing, that Michelle Meade has withdrawn her objection. So that appears to be two objections by three individuals; is that correct?

MR. MOSKOWITZ: Yes, Your Honor.

THE COURT: Are there any individuals that are present in the courtroom that would like to be heard?

I do see that this was set for this morning at 10:00 a.m. With no individuals present, at this point, considering whether the settlement should be approved as adequate and reasonable, as well as the claim for attorney's fees and expenses and the service award on behalf of the class representatives, Mr. Moskowitz, I don't know if you wanted to make a presentation. The Court has certainly had the benefit of reviewing each of the documents that were filed for record. I have fully reviewed Docket 154, which was the Plaintiff's Motion for Final Approval, as well as each of the exhibits attached, including a full review of the settlement agreement, your declaration, certainly Mr. Podhurst's declaration, and

Mr. Harke's declaration in support of the Plaintiff's Motion for Final Approval and application of the service award and class counsels' application or attorney's fees. The Court has reviewed Exhibit C, the Declaration of Thomas Scott, and has reviewed in full his opinion on the reasonableness of the settlement and fee request, as well as Exhibit D, the Declaration of Ricky Borges, at Epiq, who is the project manager, as well as his supplemental declaration, which is Docket Entry 163.

The Court has fully reviewed the response that was filed, Docket Entry 161, that was filed jointly, the Defendant's joint response to the settlement objectors; as well as the Assurant Defendant's response to and joinder in the motion for final approval, Docket Entry 156; Everbank's Joinder, Docket Entry 157. The Court has reviewed class counsels' response to both objections, Docket Entry 162, and as I stated, noting the withdrawal with regard to Ms. Meade. So I have reviewed all of the filings before the Court.

I note by way of the last filing that there have been notices sent to a total of 51,286 individuals; is that correct sir?

MR. MOSKOWITZ: Yes, Your Honor.

THE COURT: Mr. Moskowitz, I don't know if there's anything that you wanted to impress upon the Court with regard to the settlement, but I'm happy to consider anything else.

MR. MOSKOWITZ: No. We would just express our gratitude to the Court for taking the time and effort in analyzing our case. We know that the Court went through four motions to dismiss orders, and we certainly appreciate the time and effort that the Court has given to our case.

THE COURT: Thank you, sir.

And let me say this was one of the first cases that was transferred to me after my appointment, and I do note that being involved in very lengthy dispositive motions, understanding the number of affirmative defenses that have been filed, and the issue with regard to the Filed Rate Doctrine, and the case law that has come about, at least in the Second Circuit, and some of the other cases that have been published since that time, the Court has certainly noted that in the Feaz case the Eleventh Circuit affirmed the dismissal of a complaint here where the Court rejected the LPI-related claims, similar to the claims that are before the Court. So I understand that on both sides there would have been extensive litigation and some uncertainty on both sides with regard to this hard-fought action that was filed before the Court.

So I don't know, Mr. Burt, if you wanted to respond. There are no objectors that are present. The Court will certainly consider the objections that were made. I've had the full benefit of reviewing the deposition testimony with regard to the Jabranis, so I'm well aware of the foundation relating

to their claims.

MR. BURT: Your Honor, we join Counsel in thanking you for really digging into this case. But we certainly urge that the settlement be approved because, of course, the notice plan satisfies all the Rule 23 and due process requirements. And the settlement basically offers every single class member the -- I mean, the Defendants are required to pay one hundred percent, or in many cases more than one hundred percent, of the principal relief that the class members could possibly claim in this case. So -- and then on top of that, there's the -- the Defendants have also agreed to modify several key business practices for five full years, and that also will benefit this class.

And all of that, as you pointed out, on claims that four federal circuit courts of appeal have now said are not plausible. So we urge that the Court approve the settlement. And there's certainly -- we gave the notices, the CAFA notices to all 50 Departments of Insurance, the Attorney Generals. Nobody raised any objection, and that's very powerful evidence that the settlement is fair and reasonable. So we urge you to approve the settlement.

THE COURT: Thank you, Mr. Burke.

I didn't want to preclude any other individuals that would like to speak with regard to this settlement. Mr. Harke, Mr. Podhurst, I don't know if there are other individuals --

Ms. Freidel.

MS. FREIDEL: Your Honor, just so we don't seem ungrateful, I want to join in. Thank you very much for your efforts on the case, and we also want to urge approval of the settlement.

Thank you.

THE COURT: Well, I want to thank each of you. It's certainly a pleasure. I think, as you can see, looking at the last case that was before the Court, the District Court deals with a lot of different types of cases. So it's certainly a pleasure to have a wealth of talent briefing the matters and preparing the Court and educating the Court with regard to what is truly fair and reasonable and what is the case law in the Southern District.

Let me state, for the record, that the Court certainly has had the benefit of reading all of the briefings. And certainly considering the factors that this Court is required to consider, the Eleventh Circuit has stated in Bennett v. Behring Corporation that there are six factors. The second factor is somewhat subsumed into two, so there are five separate factors; the likelihood of success at trial; the range of possible recovery, and the point on or below the range of possible recovery at which the settlement is fair, adequate, and reasonable; the complexity, the expense, and the duration of litigation. And the Court has already recognized, by way of

the over 160 filings, that this case involves complex legal claims and defenses brought on behalf of now 51,286 class members that have been included for claims. The substance and amount of opposition to the settlement, and certainly the low note number of objections is evidence that the settlement is reasonable.

The Court considers the Jabranis one objection, so in essence there were -- with Ms. Meade withdrawing her objection, there were two objections filed out of the over 51,000 potential class members that have been mailed settlement packets, and the administrator has only received eight valid opt-outs and three documents that could be classified as opt-outs; the stage of the proceeding which the settlement was achieved, which is certainly at the time of the filing or before, immediately before the filing of the second amended complaint; the attorney's fees and costs, which equates to 19.8 percent of the $12.6 million in monetary settlement benefits provided to the class, and that excludes the injunctive relief; the Court has looked at Thomas Scott's declaration and have certainly considered the 12 factors in evaluating the reasonable percentage to award class action counsel; and then the objections that the Court should consider.

And the Court has fully considered the objections of Amirali Jabrani and Janet Jabrani, having the benefit of reviewing their deposition testimony. The Court certainly

overrules the objection that has been made with regard to the Jabranis' claim. That is that the Defendant's knowledge of the identities, contact information, and amounts owing to each class member demonstrates that a claims-made process is not required. And the Court believes, consistent with the case law, that a claims-made process is appropriate.

The Court has considered the objection with regard to the inadequacy claimed of class counsel and expressly rejects that argument. And I should point out, with regard to the other objection that was filed for record, while the Court is mindful of the personal effects that it may have had on that individual, the Court overrules that objection. As such, the Court has fully reviewed all of the arguments and positions raised by the objections and each objection is overruled.

The Court finds that the settlement is certainly fair, reasonable, and adequate. It's not the product of collusion between the parties. Having overruled the objections, the Court grants final approval of the settlement.

The Court also grants class counsels' application for attorney's fees and expenses. And further, the Court grants the request for the service award of $5,000 for the representative Plaintiffs, having found that the representatives have aided in the investigation of the claims and the settlement that was reached.

Is there anything further, Mr. Moskowitz, that is

being requested at this time, sir?

MR. MOSKOWITZ: No, Your Honor.

THE COURT: With that understanding, I would request that you work on an agreed final order for the Court to sign. I do note that within the application the date for claims to be postmarked is no later than April 26th of this year, with the understanding that perhaps there may be appeals. So I will certainly very quickly sign that order once it's submitted to the Court.

MR. MOSKOWITZ: Thank you, Your Honor.

THE COURT: Is there anything further we need to address?

MR. BURT: No. Thank you, Your Honor.

MR. MOSKOWITZ: No.

THE COURT: I want to, again, thank you for the excellent briefing and the opportunity to learn from each of you. I must say it was a privilege for the Court to read the declarations in Exhibit B and the wealth of talent that is embodied in each of the class counsel, and that's not to the exclusion of the defense team. Certainly, I've known all of you for many, many, years through my professional life and it's a pleasure to have each of you involved in this case. And I congratulate you on what I believe is an excellent recovery for both sides.

MR. MOSKOWITZ: Thank you, Your Honor. I would add

one thing, just so you know. We have 50,000 class members in this case, and we're constantly talking to class members because you had pointed out the one notice that we received in the mail. We have talked to thousand of class members in this case and we're dealing with them on a daily and weekly basis. In all of our cases, we have over five or six million home owners across the country that have been affected by this issue.

So besides what you see, Your Honor, back in our office, we have tons of people that behind the scenes are doing great work every day and every week to try to help the homeowners. And a lot of the credit does go to the Defendants, who's agreed in this case to step up and do what's right by their consumers. And we're dealing with that every day, although the Court may not see those. And in many months and years to come, we're still dealing with these homeowners to try to help them from this issue, although the Court may not see those actions.

THE COURT: I have not seen all of the actions, although I've read about the actions that are existing and have existed throughout the country with regard to the lender-placed insurance. I certainly note that with regard to this case, because it is a claims-made process, that there will certainly be individuals between now and April 26th that will take advantage of the notice that was provided.

And I note -- let me say that the notice certainly was adequate. It did comply with the Court's order with regard to being published in the USA Today, the settlement website, and as well a toll-free line for class members to call, and they have gained access. So I thank you, Mr. Moskowitz, for bringing that to the Court's attention, and I see that this is just a small piece in a large, large pie, which you have been intimately involved in.

MR. MOSKOWITZ: Thank you.

THE COURT: Okay. Have a good afternoon.

(Proceedings concluded at 10:21 a.m.)

UNITED STATES OF AMERICA )
ss:
SOUTHERN DISTRICT OF FLORIDA )

C E R T I F I C A T E

I, Yvette Hernandez, Certified Shorthand Reporter in and for the United States District Court for the Southern District of Florida, do hereby certify that I was present at and reported in machine shorthand the proceedings had the 20th day of January, 2016, in the above-mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of my stenographic notes.

I further certify that this transcript contains pages 1 - 14.

IN WITNESS WHEREOF, I have hereunto set my hand at Miami, Florida this 26th day of January, 2016.

/s/Yvette Hernandez

Yvette Hernandez, CSR, RPR, CLR
Certified Shorthand Reporter
299 East Broward Boulevard
Room 207-B
Fort Lauderdale, Florida 33301
(954) 769-5686
yvette_hernandez@flsd.uscourts.gov